**DE LIN ZHENG, also known as Delin Zheng, also known as, De Fei Zheng, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–1350–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner De Lin Zheng, a native and citizen of the People's Republic of China, seeks review of a March 20, 2009 order of the BIA affirming the June 8, 2007 decision of Immigration Judge Alan L. Page, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Lin Zheng,* No. A096 435 619 (B.I.A. Mar. 20, 2009), *aff'g* No. A096 435 619 (Immig. Ct. N.Y. City June 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

■ The agency's adverse credibility determination is supported by substantial evidence. *See Corovic,* 519 F.3d at 95. The IJ identified two significant discrepancies in the record: (1) in his written asylum application, Zheng stated that all of the approximately twenty attendees at Reverend Cai's funeral were arrested, but he testified that only he and three other people were arrested; and (2) Zheng's written asylum application and a letter from his father both stated that Zheng was detained for four days, but Zheng testified that he was detained for ninety days, and when confronted about the discrepancy, Zheng suggested that "four days" was perhaps an error for "four weeks." The IJ also noted that both Zheng's asylum application and his father's letter lacked any information regarding the threats and harassment his parents allegedly received. Moreover, when asked about his fear of returning to China, Zheng attributed his concern to fears that the family of a man he killed in the United States would seek revenge, a matter not referred to in his asylum application, which was based on his alleged participation in Christian religious services. These were each discrepancies that went to the heart of Zheng's claim because they call into question the circumstances surrounding Zheng's arrest and detention and his basis for his fear of returning to China. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 141–42 (2d Cir. 2008). Moreover, although Zheng was asked to provide explanations, a reasonable fact finder would not be compelled to accept the ones he offered. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Ultimately, we find no error in the IJ's adverse credibility determination. Thus, the IJ properly denied Zheng's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang,* 426 F.3d at 523.

Finally, Zheng argues that the BIA erred in denying his motion to remand for consideration of new evidence relating to his CAT claim. This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). Here, the BIA considered Zheng's purportedly new evidence and determined that some of it had already been considered at Zheng's merits hearing. Moreover, the BIA reviewed a letter allegedly from the village committee and found that it did not indicate that the government was unable or unwilling to control the family of the man Zheng killed, who were purportedly seeking revenge. Thus, the BIA did not abuse its discretion in denying Zheng's motion to remand. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that the BIA may deny a motion to reopen when the movant has not established a *prima facie* case for relief or when he fails to submit previously unavailable evidence).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).